IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH M. MONDRAGON,

    Plaintiff,

v.                                                    Civil No. 04-224 WJ/RHS

WESTERN NEW MEXICO UNIVERSITY,
JOHN COUNTS, CHRISTINE CASEY,
SCOTT WOODWARD, JOHN BOURDETTE,
JUNIUS LOGAN, MARCIA BOURDETTE,
JUNE DECKER, in their Individual and
Official Capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Due to Untimely and Deficient Service of Process [Docket No. 10] and Defendants' Motion to Dismiss Plaintiff's Corrected First Amended Complaint Due to Untimely and Deficient Service of Process [Docket No. 16]. Having considered the submissions of the parties, the record in this case, and the applicable law, I find the defense of untimely and deficient service of process has been waived by Defendants' stipulation to this Court's "jurisdiction of the parties" in the Initial Pretrial Report. Therefore, Defendants' motions will be denied.

**BACKGROUND**

Plaintiff acting *pro se* filed his Complaint in this matter on March 3, 2004. On September 2, 2004, the Court sent Plaintiff a letter notifying him that the record in the case indicated that it had been 185 days since the Complaint was filed, and that his Complaint would be dismissed if

Plaintiff did not effect service within 11 days of the letter.[1]  On September 9, 2004, Plaintiff filed returns of service with regard to each Defendant.  Each of the returns indicates that the process server, Anthony R. Bencomo, Deputy of the Grant County Sheriff's Office, served a copy of the Summons and Complaint on the Defendant named in the summons on August 20, 2004.

On September 9, 2004, the same date the returns of service were filed, the Defendants filed their Motion to Dismiss the Complaint.  On September 10, 2004, attorney Dennis W. Montoya entered his appearance on behalf of the Plaintiff.  On October 4, 2004, Plaintiff through counsel filed an Amended Complaint.  On October 22, 2004, Defendants filed their Motion to Dismiss the Amended Complaint.  Attached to the motions are affidavits of each Defendant attesting that the Defendant was not served with a copy of the Summons when served with the Complaint.

On October 25, 2004, United States Magistrate Judge Robert H. Scott issued a Scheduling Order setting a scheduling conference for December 14, 2004 and directing the parties to submit a Provisional Discovery Plan and an Initial Pretrial Report (IPTR) on December 6, 2004.  The Rule 16 Scheduling Conference was held as scheduled on December 14, 2004.  On December 22, 2004, the IPTR was filed in the case.  It is signed by Leonard J. Piazza, counsel for Defendants.  On the second page of the IPTR are the stipulations of the parties.  The first stipulation states that "[t]he parties hereto stipulate and agree that venue is properly laid in this

---

[1] It is the normal practice of this Court to cause these letters to be sent by the Clerk of Court or the Administrative Assistant of a Judge, and these letters are not, as a matter course, docketed in the case and filed of record.  Such letters are not an Order of the Court extending the time for service of process and do not waive a defendant's ability to challenge untimely service.  They are merely a notice to plaintiffs that the Court will act *sua sponte* to dismiss a Complaint if service is not effected within a particular time frame.

District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter."

**DISCUSSION**

Defendants' motions request that the Court dismiss Plaintiff's cause of action for failure to timely serve the Defendants within the 120 days permitted under Fed. R. Civ. P. 4(m).  The motions also seek dismissal of Plaintiff's cause of action for failure to effect proper service on the basis that the Defendants were not served with a copy of the summons when they were served with a copy of the Complaint.  The Court need not address the issues raised in Defendants' motions because Defendants have waived any defense of insufficient process or insufficient service by stipulating to this Court's exercise of personal jurisdiction over them.

Valid service of process is a prerequisite to district court's assertion of personal jurisdiction over a defendant.  Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  Thus, a challenge to the sufficiency of process (such as a technical defect on the face of the summons) or the sufficiency of service (such as failure to serve summons or failure to serve within 120 days) is a challenge to the Court's exercise of personal jurisdiction over a defendant.   Defects in personal jurisdiction can be waived.  Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).  The Defendants have stipulated in the IPTR to the Court's *in personam* jurisdiction and have thus waived the defenses raised in their motion.  Accordingly, the motions will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Due to Untimely and Deficient Service of Process [Docket No. 10] and Defendants' Motion to Dismiss Plaintiff's

Corrected First Amended Complaint Due to Untimely and Deficient Service of Process [Docket No. 16] are hereby DENIED.

                                                                                    _____

                                                                                   UNITED STATES DISTRICT JUDGE